UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CARMEN RODRIGUEZ-TORO,

    Plaintiff,

vs.                                        CASE NO.: _____

CUMBERLAND FARMS, INC., a foreign profit corporation, and COCA-COLA BEVERAGES FLORIDA, LLC, a foreign limited liability company,

    Defendants.
_____/

## **DEFENDANT, COCA-COLA BEVERAGES FLORIDA, LLC'S NOTICE OF REMOVAL**

Defendant, COCA-COLA BEVERAGES FLORIDA, LLC ("Coke Florida"), hereby gives notice of the removal to this Court of the case styled *Carmen Rodriguez-Toro v. Cumberland Farms, Inc. and Coca-Cola Beverages Florida, LLC*, filed in the Circuit Court of the Nineteenth Judicial Circuit, in and for Martin County, Florida, Case No. 21000216CAAXMX. As grounds for removal, Coke Florida, states:

**I.**    **FACTUAL BACKGROUND**

Plaintiff, CARMEN RODRIGUEZ-TORO ("Plaintiff"), a citizen of Florida, filed this action in the Circuit Court of the Nineteenth Judicial Circuit, in and for Martin County, Florida, Case No.: 21000216CAAXMX, against Coke Florida and Defendant, Cumberland Farms, Inc. ("Cumberland"). Cumberland is a Delaware corporation, with its principal place of business in Westborough, Massachusetts. Coke Florida is a limited liability company and its members are neither citizens of Florida, Delaware or Massachusetts.

In the Complaint, Plaintiff alleges that on or about April 24, 2018, she was allegedly injured while exiting a gas station operated by Cumberland when merchandise being unloaded by a Coke Florida employee allegedly fell and struck her. *See* Complaint attached hereto as Exhibit "A". Plaintiff filed the Complaint against Coke Florida and Cumberland in Martin County Circuit Court. *See id*. The Complaint was filed on or about February 25, 2021, and Coke Florida was served with the Complaint on May 4, 2021. *See* Summons attached hereto as Exhibit "B." Coke Florida filed its Answer and Affirmative Defenses to the Complaint on March 24, 2021. *See* Coke Florida's Answer and Affirmative Defenses attached hereto as Exhibit "C". Cumberland filed its Answer and Affirmative Defenses to the Complaint on May 25, 2021. *See* Cumberland's Answer and Affirmative Defenses attached hereto as Exhibit "D".

Due to the brevity of Plaintiff's Complaint, it was not clear from the face of the Complaint whether this case was removalable. There were questions as to Plaintiff's citizenship as well as the amount-in-controversy. As such, Coke Florida served Plaintiff with Jurisdictional Requests for Admissions on March 24, 2021. *See* Coke Florida's Jurisdictional Request for Admissions attached hereto as Exhibit "E". Plaintiff responded to Coke Florida's Request for Admissions on May 27, 2021. *See* Plaintiff's responses to the Request for Admissions attached hereto as Exhibit "F". Plaintiff's responses to the Jurisdictional Request for Admissions now provide Coke Florida with a basis for removal. *Id*. Removal of this action is timely pursuant to 28 U.S.C. §1446(b)(3) and 28 U.S.C. §1446(c)(2) because it is filed within thirty (30) days after Plaintiff's responses to Coke Florida's Jurisdictional Request for Admissions were filed. *See* Exhibits "E" and "F". As described below, there is also complete diversity between the parties and the amount-in-controversy also exceeds $75,000.00.

## II. STATEMENT OF GROUNDS FOR REMOVAL

### A. The Parties Are Diverse

This Court has original jurisdiction pursuant to 28 U.S.C. §1332. Removal of a state court action is permitted in actions between citizens of different states where the amount-in-controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Although not specifically pled in the Complaint, Plaintiff is a citizen of Florida. *See* Exhibits "E" and "F". Toward that end, Plaintiff admits that she is a citizen of Florida as well as domiciled in Florida. *Id*.

Cumberland is a Delaware corporation with its principal place of business in Westborough, Massachusetts. *See* Florida Department of State, Division of Corporations printout for Cumberland attached hereto as composite Exhibit "G". A corporation is deemed a citizen of the state in which it is incorporated and in which its principal place of business is located. 28 U.S.C. § 1332(c).

Coke Florida, on the other hand, is a limited liability company. A limited liability company is a citizen in each and every state that its members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Here, Coke Florida's members are not citizens of Florida, Delaware or Massachusetts. Its members are citizens of Texas. Coke Florida has a single member, Cardinal Intermediate Holdings, LLC. Cardinal Intermediate Holdings, LLC has two members: (1) Troy Taylor; and (2) Cardinal System Holdings, LLC. Cardinal System Holdings, LLC has two members: (1) Troy Taylor; and (2) LaVonda Taylor. Both Troy Taylor and LaVonda Taylor are citizens of the State of Texas. Accordingly, because Plaintiff is a citizen of Florida, Cumberland is deemed a citizen of Delaware and Massachusetts (through incorporation and its principal place of business), and ultimately, Coke Florida's members are citizens of Texas, there is complete diversity of citizenship of the parties in this case.

**B.      Plaintiff's Alleged Damages Exceed the Amount-in-Controversy Requirement**

Notwithstanding that Plaintiff's Complaint merely provides that this matter is a "cause of action for damages in excess of $30,000.00," the information provided by Plaintiff in this matter to date establishes that the amount-in-controversy exceeds the $75,000.00 jurisdictional requirement. *See* Exhibits "A", "E" and "F". In the Complaint, Plaintiff contends that she sustained "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care…" as a result of the alleged incident. *See* Exhibit "A" at ¶13 and ¶20. She is also claiming that the "losses are either permanent or continuing..." *Id.*

Although unspecified allegations in the Complaint alone are not sufficient to prove the amount-in-controversy, Plaintiff responded to Coke Florida's Jurisdictional Request for Admissions providing that she is seeking amounts in excess of her medical bills and that Plaintiff's damages exceed $75,000.00, exclusive of interest and costs. *See* Exhibits "E" and "F". Where a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove that the amount-in-controversy exceeds $75,000.00 by a preponderance of the evidence. *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996) (abrogated on other grounds); *Williams v. Best Buy Co., Inc.*, 269 F. 3d 1316, 1319 (11th Cir. 2001) ("[I]f it is not facially apparent from the complaint, the court should look to the notice of removal" and may require relevant evidence regarding the amount-in-controversy at the time of removal.). The inquiry is not the amount a plaintiff is "likely to recover," but rather it is "an estimate of how much will be put at issue during the litigation." *Dewitte v. Foremost Insurance Company,* 171 F. Supp. 3d 1288, 1290 (M.D. Fla. March 17, 2016) *citing S. Florida Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014). "Courts have held that responses to request for admissions…and other correspondence

between parties can be 'other paper' under 28 U.S.C. §1446(b)." *Lambertson v. Go Fit, LLC*, 918 F.Supp.2d 1283 (S.D. Fla. January 14, 2013) (citations omitted) (finding that the case became removable after the plaintiff responded to the defendant's request for admissions). Here, Coke Florida has continued to follow the "well-recognized and accepted practice of basing its removal upon Plaintiff's answers to requests for admission about the amount in controversy…" *Id*. A district court may also apply its judicial experience and common sense when determining whether a claim meets the amount-in-controversy requirement. As such, the amount-in-controversy for Plaintiff's claims in this action more likely than not exceed $75,000.00. Therefore, the amount-in-controversy requirement is satisfied and Plaintiff's claims are removable on the basis of this Court's original diversity jurisdiction.

### III. PROCEDURAL MATTERS

Venue in this Court is proper pursuant to 28 U.S.C. §1441(a) because this action is being removed from the state court in which it was originally filed, the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida. Defendant will also file a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. §1446(d) with the Clerk of the Court for the Nineteenth Judicial Circuit, in and for Martin County, Florida, and will give written notice thereof to all parties. A copy of the Notice of Filing is attached hereto as Exhibit "H." In compliance with 28 U.S.C. § 1446(a), a complete copy of the state court's file is attached hereto as Exhibit "I."

This Notice of Removal has been timely filed by Coke Florida, pursuant to 28 U.S.C. Section 1446(b), as it has been filed within thirty (30) days from the date Plaintiff filed and served her responses to Coke Florida's Request for Admissions. Additionally, diversity among

the parties is complete and the amount-in-controversy exceeds $75,000.00. Lastly, Cumberland advised that they have no objection to this Notice of Removal.

**WHEREFORE**, Defendant, COCA-COLA BEVERAGES FLORIDA, LLC, respectfully requests the Honorable Court to assume jurisdiction of the above-described action now pending in the Nineteenth Judicial Circuit, in and for Martin County, Florida pursuant to 28 U.S.C. §§ 1331 and 1441.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 25, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  A copy of the foregoing has been furnished by e-mail to:

| | |
|---|---|
| Juan Asconape<br>Schwed, Adams & McGinley, P.A.<br>7111 Fairway Drive, Suite 105<br>Palm Beach Gardens, FL 33418<br>jasconape@schwedlawfirm.com<br>eservice@schwedlawfirm.com<br><br>*Attorneys for Plaintiff* | Caitlin M. Shields<br>Wicker Smith O'Hara McCoy & Ford, P.A.<br>515 N. Flagler Drive, Suite 1600<br>West Palm Beach, FL 33401<br>Tel.: (561) 689-3800<br>wpbcrtpleadings@wickersmith.com<br><br>*Attorneys for Cumberland Farms* |

**[SIGNATURE ON FOLLOWING PAGE]**

/s/ Jens C. Ruiz
DAMIEN A. ORATO
Florida Bar No. 28219
Email: dorato@rumberger.com (primary)
Email: docketingorlando@rumberger.com
and doratosecy@rumberger.com (secondary)
JENS C. RUIZ
Florida Bar No. 096119
Email: jruiz@rumberger.com (primary)
Email: docketingmiami@rumberger.com
and jruizsecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL, P.A.
Brickell City Tower, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida 33101
Telephone: (305) 358-5577
Telecopier: (305) 371-7580

*Attorneys for Coca-Cola Beverages Florida, LLC*

15268089.v1